[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 16, 2011
JOHN LEY
CLERK

No. 11-10788
Non-Argument Calendar
_____

Agency No. A088-044-275

DIOSCAR ORLANDO DELGADO NIEVES,
ESTHER MARIA BOHORQUEZ,
JOSE ANGEL DELGADO BOHORQUEZ,
JUAN ANDRES DELGADO BOHORQUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 16, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Dioscar Orlando Delgado Nieves, his wife, Esther Maria Bohorquez, and their two sons, all of whom are natives and citizens of Venezuela, petition this Court for review of the decision of the Board of Immigration Appeals that denied Delgado's application for asylum. The Board "agree[d] with the [finding of the] immigration judge" that Delgado was not credible. We deny the petition.

We review credibility determinations under the substantial evidence test. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230–31 (11th Cir. 2006). Adverse credibility findings will be reversed "'only if the evidence "compels" a reasonable fact finder to find otherwise.'" Id. at 1231 (quoting Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005)). An adverse credibility determination may be based on inconsistencies, inaccuracies, and falsehoods in the applicant's oral and written statements. 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the finding that Delgado was not credible. Although there were several inconsistencies between Delgado's application for asylum, his credible fear interview, and his testimony, the Board and the immigration judge gave "specific, cogent reasons" related to Delgado's accounts of two incidents to support the adverse credibility determination. See Chen, 463 F.3d at 1231. During the first incident, members of the Bolivarian Circles allegedly assaulted Delgado during a demonstration, but Delgado provided two

different dates on which the incident purportedly occurred. Delgado also gave inconsistent accounts about his injuries: in his application, Delgado stated that his assailants injured his chest and arm; during his credible fear interview, Delgado said that he was struck in his chest and elbow; and later, during his evidentiary hearing, Delgado testified that he sustained an injury to his wrist that required surgery and left a scar that he showed to the immigration judge. About three years after Delgado applied for asylum, he recalled purportedly a second incident in which he was shot by members of the Bolivarian Circles and received gunshot wounds in his upper body that left a pellet lodged in the right side of his head. Despite Delgado's insistence that the shooting prompted him to leave Venezuela, Delgado failed to mention this incident in his application or his credible fear interview, and his two former neighbors failed to mention the incident in their letters about Delgado's persecution in Venezuela. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287–88 (11th Cir. 2005). Although Delgado blames his inconsistences and omissions on his lack of education and legal training, that explanation is inconsistent with his ability to recollect and describe other alleged incidents of persecution and does not "compel a reasonable fact finder" to reverse the adverse credibility finding. Chen, 463 F.3d at 1231.

We **DENY** Delgado's petition for review.